UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN TISDELL and TAMMY TISDELL, *on behalf of Minor Child GLT*, <br><br>Plaintiffs, <br><br>v. <br><br>SENIOR CLASS CARE, ANGELGA SANDLIN, SANDLIN LAW OFFICE, ATTORNEY PAUL SANDLIN, ALL SENIOR CLASS CARE PARTNER(S) PAST AND PRESENT, JOHN DOE, and JOHN DOE, <br><br>Defendants. | No. 13-cv-2530 (JRT/LIB) <br><br><br>**REPORT AND RECOMMENDATION** |

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases that pend before us, and upon an assignment made in accordance with 28 U.S.C. § 636(b)(1)(A).  Having concluded that there is no basis for Federal jurisdiction of this case as it currently stands, this Court recommends that the case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**I.    BACKGROUND**

Brian Tisdell and Tammy Tisdell, on behalf of Minor Child GLT ("Plaintiffs"), proceeding *pro se*,[1] initiated this case on or about September 13, 2013, by filing their Complaint. [Docket No. 1].  The Complaint alleges a personal injury claim, and names as Defendants the

---

[1] Accordingly, the Court construes Plaintiffs' pleadings liberally.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("document[s] filed *pro se* [are] 'to be liberally construed'" (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976))).

1

following: Senior Class Care, Angelga Sandlin,[2] Sandlin Law Office, Attorney Paul Sandlin, all Senior Class Care Partner(s) Past and Present, and various John and Jane Does. (Id. at 1). The Complaint alleges: (1) that Minor Child GLT "had a finger severed due to a faulty door at the Senior Class Care building"; (2) that Defendant Paul Sandlin "fail[ed] to follow thru [sic] after receiving the medical bills" and "fail[ed] to respond to the request for the video from the door that would show the accident"; (3) that Angelga Sandlin "call[ed] to give condolences for the child's injury than [sic] apparently den[ied] the incident happened"; and (4) that Senior Class Care's past and present partners "ha[d] a faulty door at the facility." (Id.).

As of the date of this Order, none of the Defendants have answered the Complaint.

## II. DISCUSSION

"Subject matter jurisdiction . . . is a threshold requirement which must be assured in every case." Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991). The Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). " 'The burden of proving subject matter jurisdiction falls on the plaintiff.'" Kopecko v. GMAC Mortgage, LLC, No. 11-cv-3310 (JRT/AJB), 2012 U.S. Dist. LEXIS 40778, at *2-3 (D. Minn. Mar. 26, 2010) (Tunheim, J.) (quoting V S Ltd. P'ship v. Dep't of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000)). Additionally, "a court has an independent obligation to determine whether subject matter jurisdiction exists." Kopecko, 2012 U.S. Dist. LEXIS 40778, at *2 (citing Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "[W]here jurisdiction does not exist the court . . . shall dismiss the action sua sponte." Singh v. Hannuman, No. 08-cv-1255

---

[2] The Court observes that this Defendant's first name is spelled "Angelga" in both the caption and Paragraph 4 of Plaintiff's Complaint, but is spelled "Angela" in Paragraph IV of their Complaint. The Court uses "Angelga," as that spelling is used most often by Plaintiffs, and is reflected in the docket.

(DWF/SRN), 2008 U.S. Dist. LEXIS 115655, at *5 (D. Minn. Dec. 10, 2008) (Nelson, M.J.) (quoting Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971) (citing, in turn, Louisville & Nashville R.R. Co. v. Motley, 211 U.S. 149, 152 (1908))), adopted by 2009 U.S. Dist. LEXIS 7191 (D. Minn. Feb. 2, 2009) (Frank, J.).

Plaintiffs assert that this Court has jurisdiction to hear their claims pursuant to Title 28 U.S.C. §§ 1343, 2201 and 2202. (Compl. [Docket No. 1], at 1).[3] However, even construing Plaintiffs' Complaint liberally, as this Court is required to do, see fn.1, supra, these statutes do not confer jurisdiction upon this Court to hear Plaintiffs' claims.

### A. 28 U.S.C. § 1343[4]

Plaintiffs first assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a), which provides that the U.S. District Courts have original jurisdiction in certain civil rights actions. See 28 U.S.C. § 1343(a). However, although Plaintiffs invoke various civil rights statutes, (see Compl. [Docket No. 1], at 1 (citing 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 1988, and 1992)), they neither allege any civil rights *claims* that would be governed by any of those statutes, nor allege any *facts* that would support such claims.

A complaint that fails to allege a deprivation of civil rights also fails to establish jurisdiction pursuant to 28 U.S.C. § 1343. Cf. Charland v. Little Six, Inc., 112 F. Supp. 2d 858, 866 (D. Minn. 2000) (Mason, M.J.) (complaint that failed to allege deprivation of civil rights under color of state law failed to establish jurisdiction pursuant to 28 U.S.C. § 1343), adopted by

---

[3] In the paragraph of their Complaint that addresses jurisdiction, Plaintiffs also cite to various other statutes (42 U.S.C. §§ 1981, 1983, 1985, 1986, 1987, 1988, and 1992) and provisions of the U.S. Constitution (Article III, § 2; the Fifth Amendment; the Sixth Amendment; the Seventh Amendment; and Section 1 of the Fourteenth Amendment). (Compl. [Docket No. 1], at 1). However, none of these statutes or constitutional provisions serves as a grant of jurisdiction upon this Court.

[4] Plaintiffs' Complaint asserts jurisdiction on the basis of "TITLE 28 of the U.S. Code, sections 1343 (1) (2) (3) (4)." (Compl. [Docket No. 1], at ¶ 1). Reading their Complaint liberally, see fn.1, supra, this Court construes this to be an assertion of jurisdiction pursuant to 28 U.S.C. § 1343(a), which has four numbered subsections.

112 F. Supp. 2d. 858 (D. Minn. 2000) (Doty, J.). In the present case, Plaintiffs' Complaint completely fails to allege any such deprivation of civil rights. (See Compl. [Docket No. 1]). Consequently, the Court finds that Plaintiffs have failed to demonstrate that 28 U.S.C. § 1343 provides this Court with jurisdiction to hear their claims.[5]

### B. 28 U.S.C. §§ 2201 and 2202

Plaintiffs also assert, presumably because their Complaint seeks declaratory judgment, that this Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, which provides that the U.S. District Courts may hear causes of action for declaratory relief.

However, "declaratory-judgment claims provide no independent basis for subject-matter jurisdiction." CFMOTO Powersports, Inc. v. United States, 780 F. Supp. 2d 869, 877 (2011) (Kyle, J.); see also Rueth v. U.S. Env't Protection Agency, 13 F.3d 227, 231 (7th Cir. 1993) ("The Declaratory Judgment Act . . . is not an independent grant of jurisdiction, rather jurisdiction must be predicated on some other statute."). Where, as here, "the Court lacks jurisdiction over all of the . . . claims in this action, . . . there is no claim to which the *remedy* created by the Declaratory Judgment Act can attach." CFMOTO Powersports, 780 F. Supp. 2d at 877 (emphasis added).

---

[5] Additionally, the Court finds no other grounds for jurisdiction. Plaintiffs do not assert that this Court has federal question jurisdiction pursuant to its authority to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Even if Plaintiffs did assert that this Court had federal question jurisdiction, that assertion would be untenable in a case that is plainly a personal injury case. See Laubach v. Otis Elevator Co., 37 F.3d 427, 428 (8th Cir. 1994) (personal injury case subject to state law).

Furthermore, Plaintiffs do not assert that this Court has diversity as a result of diversity of citizenship among the parties, pursuant to 28 U.S.C. § 1332. Even if Plaintiffs did assert that this Court had diversity jurisdiction, their Complaint does not allege facts that would sustain such an assertion. "In order for the court to exercise diversity jurisdiction, there must exist '**complete** diversity between all plaintiffs and all defendants.'" Kopecko v. GMAC Mortgage, LLC, No. 11-cv-3310 (JRT/AJB), 2012 U.S. Dist. LEXIS 40778, at *3 (D. Minn. Mar. 26, 2010) (Tunheim, J.) (quoting Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005)) (emphasis added in Kopecko). In the present case, Plaintiffs acknowledge that they are citizens of Minnesota, (Compl. [Docket No. 1], at ¶¶ 2-3), while also asserting that several of the Defendants may also be citizens of Minnesota, (Id. at ¶ 4). Thus, even accepting the allegations in Plaintiffs' Complaint as true, the Court could not find that it has jurisdiction on the basis of diversity of citizenship among the parties.

Because the Declaratory Judgment Act is not an independent grant of jurisdiction upon this Court, and because Plaintiffs have established no independent basis for subject matter jurisdiction to which they might attach their plea for a declaratory *remedy*, this Court concludes that Plaintiffs have failed in their burden of establishing that this Court has subject matter jurisdiction to hear their claims.  Furthermore, because this Court lacks subject matter jurisdiction to hear Plaintiff's claims, Fed. R. Civ. P. 12(h)(3) requires that this Court dismiss their case.

### III.   CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that this case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.


Dated: March 26, 2014                                              s/Leo I. Brisbois
                                                                                  LEO I. BRISBOIS
                                                                                  United States Magistrate Judge


### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 9, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.